## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| REBECCA M. BOAS, | )<br>) |
| Plaintiff, | )<br>) |
| | ) **MEMORANDUM OPINION** |
| v. | ) **AND RECOMMENDATION** |
| | ) |
| MICHAEL J. ASTRUE, | ) 1:08CV00772 |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Plaintiff, Rebecca M. Boas, brought this action pursuant to Section 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. § 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). The parties have filed cross-motions for judgment, and the administrative record has been certified to the court for review.

**Procedural History**

Plaintiff filed an application for Supplemental Security Income (SSI) on September 27, 2006[1] (protective filing date), alleging a disability onset date of

---

[1] Plaintiff previously filed applications for Disability Insurance Benefits ("DIB") and SSI on January 20, 2005, and a claim for SSI on October 18, 2005, both alleging a disability onset date of August 29, 2002. Those applications and related documents have been made part of the current administrative record. It does not appear that either claim was pursued beyond the initial denial, and the prior applications were not reopened.

August 29, 2002.² Tr. 97. The application was denied initially and upon reconsideration. Tr. 32, 34. Plaintiff requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). Tr. 50. Present at the hearing, held on April 21, 2008, were Plaintiff, her attorney, and a vocational expert ("VE"). Tr. 393.

By decision dated June 19, 2008, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. Tr. 12. On October 10, 2008, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, Tr. 5, thereby making the ALJ's determination the Commissioner's final decision for purposes of judicial review.

In deciding that Plaintiff is not entitled to benefits, the ALJ made the following findings, which have been adopted by the Commissioner:

> 1. The claimant has not engaged in substantial gainful activity since September 27, 2006, the application date (20 CFR 416.920(b) and 416.971 *et seq.*).
>
> 2. The claimant has the following severe combination of impairments: degenerative disc disease, right knee injury status post surgery, depression, and obesity (20 CFR 416.920(c)).

Tr. 17.

> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

Tr. 18.

---

² Because Plaintiff filed an application solely under Title XVI of the Act for SSI benefits, she may be entitled to benefits only beginning from the date of her application.

> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that she is limited to alternating sitting for 1 hour and standing 10 minutes throughout the 8 hour work day. She is able to walk 50 yards, occasionally lift 20 pounds and is limited to occasional stooping, balancing, and crouching. She is restricted from climbing ladders, ropes or scaffolds. She is able to understand and remember simple and repetitive instructions, and sustain attention and concentration to complete simple, routine tasks, can relate to peers and coworkers with minimal contact, and can tolerate changes associated with day to day work activities in a low production setting.

Tr. 20. The ALJ determined that Plaintiff was unable to perform her past relevant work. Tr. 24.

Plaintiff, born on December 31, 1962, was 46 years old at the time the application was filed, regulatorily defined as a younger individual age 45-49. See id. (citing 20 C.F.R. § 416.963). The ALJ found that Plaintiff has at least a high school education and can communicate in English. Transferability of job skills was not an issue in the case. Considering these factors, Plaintiff's residual functional capacity ("RFC"), and the VE's testimony, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Id. (citing 20 C.F.R. §§ 416.960(c) and 416.966). Accordingly, the ALJ decided that Plaintiff was not under a "disability," as defined in the Act, since September 27, 2006, the date the application was filed. Tr. 25.

**Analysis**

In her brief before the court, Plaintiff argues that the Commissioner's findings are in error because the ALJ (1) erred at step five of the sequential evaluation by finding Plaintiff capable of performing jobs that exceed her residual functional capacity ("RFC"), and (2) erred by failing to evaluate diagnoses from examining psychologists that Plaintiff suffers from pain disorder. The Commissioner contends otherwise and urges that substantial evidence supports the determination that Plaintiff was not disabled.

Scope of Review

The Act provides that, for "eligible"[3] individuals, benefits shall be available to those who are "under a disability," defined in the Act as the inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 1382c(a)(3)(A).

To facilitate a uniform and efficient processing of disability claims, the Social Security Administration ("SSA"), by regulation, has reduced the statutory definition of "disability" to a series of five sequential questions (the "sequential evaluation process"). An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which

---

[3] Eligibility requirements for SSI are found at 42 U.S.C. § 1382(a).

equals an illness contained in the Act's listing of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work.  20 C.F.R. § 416.920.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied.  Richardson v. Perales, 402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence.  See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)).  Substantial evidence is:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that this conclusion is rational.  Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).  If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed.  Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

Issues

1.  Step Five Evaluation

Plaintiff first argues that the ALJ erred at step five of the sequential evaluation process by finding Plaintiff capable of performing jobs that exceed her RFC. Pleading No. 10 at 4-5. Specifically, Plaintiff contends that the jobs identified exceed her mental RFC in that the social interaction and decision-making demands of those jobs exceed her stated abilities. Id. Plaintiff contends that each of the jobs identified, "charge account clerk," "credit checker," and "food and beverage order clerk" exceed her mental RFC because each requires substantial contact with the general public.

As the Commissioner correctly points out, however, the ALJ found no limitation on Plaintiff's ability to interact with the general public. See Tr. 20. Based on the RFC expressed by the ALJ, Plaintiff is capable of performing jobs that require contact with the general public. Moreover, as Plaintiff has not alleged any error by the ALJ in assessing Plaintiff's RFC, the court will not address the substance of that finding here.

Plaintiff further argues that each of the identified jobs demands higher and more sophisticated thinking skills than the simple, routine tasks of which Plaintiff is capable. Plaintiff's argument, however, is without basis.

First, the ALJ accurately described Plaintiff's restrictions in his hypothetical questions to the VE. Id. 414. The VE testified in response that despite the

enumerated limitations, Plaintiff is capable of performing the jobs in question. Id. The VE's testimony provides substantial evidence that there are jobs matching Plaintiff's needs in the national economy that Plaintiff can perform. See Walls v. Barnhart, 296 F.3d 287, 291-92 (4th Cir. 2002).

Moreover, the Dictionary of Occupational Titles ("DOT") is consistent with the VE's testimony and the ALJ's finding. Each of the jobs in question requires a specific vocational preparation level ("SVP") of 2. Dictionary of Occupational Titles, (4th ed. 1991)(charge account clerk, 205.367-014; call-out operator, 237.367-014; food and beverage order clerk, 209.567-014). A job associated with a SVP 2 is considered unskilled work. See Social Security Ruling 00-4p, Policy Interpretation Ruling: Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions ("SSR 00-4p"). Unskilled work is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a). A claimant, like Plaintiff, who is capable of performing simple, routine tasks is capable of performing work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. See id. Accordingly, there is no error.

2. Pain Disorder

Plaintiff next argues that the ALJ committed reversible error by failing to consider and evaluate diagnoses of pain disorder included in the reports of two

7

examining psychologists.  Pleading No. 10 at 6 (citing Tr. 305, 373). Plaintiff contends that the ALJ was obligated to consider the diagnoses when evaluating Plaintiff's medical conditions at step two of the sequential evaluation.

In both cases, the consulting psychological examiners diagnosed pain disorder based on Plaintiff's complaints of chronic pain. See Tr. 303-05, 371-74.  To be sure, the ALJ considered and evaluated Plaintiff's complaints of pain.  Id. 20-22. Having considered Plaintiff's allegations of pain in connection with her physical impairments, there was no error in declining to separately consider the pain disorder as a separate impairment.  See Wilson v. Barnhart, 82 F. App'x 204, 211 (10th Cir. 2003) (unpublished decision) (ALJ's exclusion of chronic pain disorder as severe impairment supported by substantial evidence because ALJ sufficiently considered plaintiff's allegations of pain as part of his analysis of plaintiff's physical injuries).

Moreover, Plaintiff has failed to point to any evidence that her pain disorder, separate and apart from any underlying impairment, causes any symptoms or affects her ability to perform basic work functions.  Indeed, Plaintiff never claimed to the Commissioner that her alleged disability is caused in whole or in part by a pain disorder and made no such argument to the ALJ.  Absent any evidence, the ALJ's no-finding of Plaintiff's pain disorder as a separate impairment is supported by substantial evidence.

**Conclusion and Recommendation**

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence, and the correct legal principles were applied. Therefore, **IT IS RECOMMENDED** that the Commissioner's decision finding no disability be **AFFIRMED**. To this extent, Plaintiff's motion for summary judgment (Pleading No. 9) seeking a reversal of the Commissioner's decision should be **DENIED**, Defendant's motion for judgment on the pleadings (Pleading No. 11) should be **GRANTED**, and this action should be **DISMISSED** with prejudice.

_____
WALLACE W. DIXON
United States Magistrate Judge

March 10, 2011